James DeCinti, Esquire
Attorney I.D. No. 77421
E-mail:  jdecinti@pionlaw.com

Joshua D. Leaver, Esquire
Attorney I.D. No. 315369
E-mail:  jleaver@pionlaw.com

**PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.**
2404 Park Drive, Suite 404
Harrisburg, PA  17110
Phone:  717-737-5833                                              **Attorneys for Defendants**

_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARKHAM PAGAN and | : | |
| JOSEPHINE PAGAN | : | No._____ |
| Plaintiffs | : | |
| | : | |
| v. | : | CIVIL ACTION – LAW |
| | : | |
| RICHARD D. DENT, | : | |
| P&S TRANSPORTATION, INC., | : | |
| P&S TRANSPORTATION, LLC, | : | |
| Individually and d/b/a P&S | : | |
| TRANSPORTATION, and BLAIR | : | |
| LOGISTICS, LLC | : | |
| Defendants | : | JURY TRIAL DEMANDED |

## <u>NOTICE OF REMOVAL</u>

TO THE CLERK OF THE COURT:

Defendants, Richard D. Dent, P&S Transportation, Inc., P&S Transportation,

LLC, individually and d/b/a P&S Transportation, and Blair Logistics, LLC, by and

through their undersigned counsel, James DeCinti, Esq. and Joshua D. Leaver, Esq.,

and Pion, Nerone, Girman, Winslow & Smith, P.C., hereby submit the following

Notice of Removal pursuant to 28 U.S.C. §1441 and remove the state court action

described below to the United States District Court for the Middle District of Pennsylvania.

1.     On or about August 26, 2021, the above-captioned Plaintiffs, Markham Pagan and Josephine Pagan, commenced an action against Richard D. Dent, P&S Transportation, Inc., P&S Transportation, LLC, individually and d/b/a P&S Transportation, and Blair Logistics, LLC, by filing a Complaint in the Court of Common Pleas of Luzerne County, Pennsylvania, Docket No. 2021-08460 (the "Lawsuit").  A copy of the Complaint is attached to this Notice of Removal as **Exhibit "A."**

2.     The Court of Common Pleas of Luzerne County is located within the territorial jurisdiction of the United States District Court for the Middle District of Pennsylvania.  Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

3.     On September 9, 2021, Defendant, P&S Transportation, Inc., received a copy of the filed Complaint via certified mail.

4.     Accordingly, removal is being made within the time permitted by 28 U.S.C. § 1446(b)(2)(B).

5.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants, who are all represented by the undersigned counsel, consent to the removal of the Lawsuit to this Court.

6.      Removal of the Lawsuit to this Court is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction – specifically, diversity jurisdiction under 28 U.S.C. § 1332 – over Plaintiffs' claims.

7.      The requirement of complete diversity between Plaintiffs and Defendants is met, as set forth in the below allegations of the Complaint:

a.      Plaintiffs reside in, and thus are citizens of, New York.  (See **Exhibit A**, Complaint, ¶ 1).

b.      Defendant, Richard D. Dent resides in, and thus is a citizen of, Louisiana.  (See **Exhibit A**, Complaint, ¶ 2).

c.      Defendant, P&S Transportation, Inc., is a citizen of Alabama, as it is both incorporated in Alabama and has its principal place of business in Alabama.  (See **Exhibit A**, Complaint, ¶ 3).

d.      Defendant, P&S Transportation, LLC, individually and d/b/a P&S Transportation, is a citizen of Alabama, as it is both incorporated in Alabama and has its principal place of business in Alabama.  (See **Exhibit A**, Complaint, ¶ 4).

e.      Defendant, Blair Logistics, LLC, is a citizen of Alabama, as it is both incorporated in Alabama and has its principal place of business in Alabama.  (See **Exhibit A**, Complaint, ¶ 6).

f.    As such, there is complete diversity of citizenship between the Plaintiffs and the Defendants.

g.    Moreover, none of the Defendants are citizens of Pennsylvania and, thus, the requirements of 28 U.S.C. § 1441(b)(2) are met.

8.    The requirement of an amount in controversy in excess of $75,000 also is met, as set forth below:

a.    The Lawsuit arises out of a motor vehicle accident between a tractor trailer and a passenger vehicle that occurred on or about January 31, 2021, on Interstate 81 North in Luzerne County, Pennsylvania.

b.    Plaintiffs' Complaint makes a claim for unliquidated damages in excess of $50,000 (the amount which exempts a case from compulsory arbitration), though it does not demand a specific sum.

c.    Plaintiffs' Complaint sets forth twenty-four (24) counts against the defendants, with each count seeking in excess of $50,000.

d.    Nonetheless, Plaintiffs seek to recover damages for "serious and permanent injuries" sustained by Plaintiff Mr. Pagan, including, but not limited to:   left flank pain, abdominal pain, low back pain, traumatic hemorrhagic shock, closed fracture of multiple ribs of left side, contusion of flank, left renal hematoma, traumatic retroperitoneal hematoma, traumatic hemoperitoneum, post concussive syndrome, acute renal injury, acute left

renal contusion with associated stranding within the retroperitoneal space, subcutaneous contusion/hematoma within the posterior left flank and multiple acute displaced/nondisplaced left rib fractures, acute mildly displaced fractures of the posterolateral left 3,5,6 and 7th ribs, contusion of the abdominal wall requiring multiple exploratory laparotomies, acute kidney failure, scarring/disfigurement of abdomen, left ear pain, jaw pain, and shock to his nerves and nervous system, all of which are alleged to have caused him, continue to cause him, and will cause him for an indefinite time in the future, great pain, agony, and suffering, both physical and mental.  (See **Exhibit A**, Complaint, ¶ 18).

e.    Plaintiffs further seek to recover damages for "serious and permanent injuries" sustained by Plaintiff Mrs. Pagan, including, but not limited to:  low back pain, disc bulges at L4-L5 and L5-S1, mid-back pain, left hip pain, neck pain, elbow pain, left flank pain, right wrist pain, chest pain, mildly displaced rib fractures of the left 10th and 11th ribs, and shock to her nerves and nervous system, all of which are alleged to have caused her, continue to cause her, and will cause her for an indefinite time in the future, great pain, agony, and suffering, both physical and mental.  (See **Exhibit A**, Complaint, ¶ 19).

f.    In addition to compensation for the pain and suffering that Plaintiffs allegedly endured as a result of their injuries, as aforesaid, they seek compensation for past and future medical expenses, and past and future lost earnings and lost earning capacity.  (See **Exhibit A**, Complaint, ¶¶ 20-24).

g.    Both Plaintiffs also seek to recover loss of consortium damages from all of the Defendants, as a result of being deprived of each other's assistance and society.  (See **Exhibit A**, Complaint, at Counts Three, Six, Nine, Twelve, Fifteen, Eighteen, Twenty-One, and Twenty-Four).

h.    In addition to their claims for compensatory damages, Plaintiffs seek the imposition of punitive damages against the Defendants.  (See **Exhibit A**, Complaint, at Counts Two, Five, Eight, Eleven, Fourteen, Seventeen, Twenty, and Twenty-Three).

i.    The alleged nature and scope of Plaintiffs' injuries and claimed damages make it clear that the damages that Plaintiffs will seek in the Lawsuit will exceed the jurisdictional requirement of $75,000.  See Russo v. Wal-Mart Stores East, L.P., 2017 U.S. Dist. LEXIS 69633, *4-5 (M.D. Pa. 2017) (holding that allegations of significant injuries and damages in a complaint will trigger notice by the defendant that an amount in excess of the jurisdictional amount is at issue for purposes of the removal period); Sims v.

<u>PerkinElmer Instruments, LLC</u>, 2005 U.S. Dist. LEXIS 5300, *10-11 (E.D. Pa. 2005) (same).

j.      As such, upon information and belief, Defendants aver that the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.      For all of the reasons set forth above, removal of the Lawsuit to this Court is just and proper.

10.      Upon confirmation of filing and docketing with this Court, this Notice of Removal shall be provided to all parties, as well as the Court of Common Pleas of Luzerne County, in accordance with 28 U.S.C. § 1446(d).

Respectfully Submitted,

**PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.**

/s/ Joshua D. Leaver

Date:  September 20, 2021      _____

James DeCinti, Esquire
Attorney I.D. No. 77421
Joshua D. Leaver, Esquire
Attorney I.D. No. 315369

## <u>CERTIFICATE OF SERVICE</u>

I, Joshua D. Leaver, Esquire, of the law firm of Pion, Nerone, Girman, Winslow & Smith, P.C., counsel for the Defendants, Richard D. Dent, P&S Transportation, Inc., P&S Transportation, LLC, individually and d/b/a P&S Transportation, and Blair Logistics, LLC, hereby state that a true and correct copy of the foregoing **Notice of Removal** was served upon all counsel of record via email and U.S. First-Class Mail, postage prepaid, as follows:

Marion Munley, Esquire
Munley Law, PC
The Forum Plaza – 227 Penn Avenue
Scranton, PA 18503
Email: mmunley@munley.com
**Attorneys for Plaintiffs**

**PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.**

/s/ Joshua D. Leaver

Date:  September 20, 2021
_____

Joshua D. Leaver, Esquire
Attorney I.D. No. 315369