EXHIBIT A

**Munley Law, PC**
**The Forum Plaza - 227 Penn Avenue**
**Scranton, PA 18503**
**570-346-7401**

| | | |
|---|---|---|
| MARKHAM PAGAN and | : | IN THE COURT OF COMMON PLEAS |
| JOSEPHINE PAGAN | : | OF LUZERNE COUNTY |
| 155 Academy Avenue | : | |
| Middletown, NY 10940 | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | CIVIL ACTION - LAW |
| | : | JURY TRIAL DEMANDED |
| RICHARD D. DENT | : | |
| 1570 Lila Street | : | |
| Baton Rouge, LA 70820 | : | |
| P&S TRANSPORTATION, INC. | : | |
| 1810 Avenue C – PO Box 2487 | : | |
| Ensley, AL 35218 | : | |
| P&S TRANSPORTATION LLC, individually | : | |
| and d/b/a P&S TRANSPORTATION | : | |
| 1810 Avenue C | : | |
| Ensley, AL 35218 | : | |
| BLAIR LOGISTICS, LLC | : | |
| 201 19th Street – PO Box 8306 | : | 2021-08460 |
| Ensley, AL 35218 | : | PROTHONOTARY LUZERNE COUNTY |
| Defendants | : | FILED AUG 26 '21 PM 4:30 |
| | | No. |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within 20 days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

| | |
|---|---|
| North Penn Legal Services, Inc. | Pennsylvania Lawyer Referral Service |
| 33 N. Main Street | Luzerne County Bar Association Lawyer Referral Service |
| Pittston, PA 18640 | 200 North River Street |
| 570-299-4100 | Wilkes-Barre, PA 18711 |
| | 570-822-6029 |

## AVISO

A USTED SE LE HA DEMANDADO EN LA CORTE.

Si usted quiere defenderse contra la demanda expuesta en las siguientes páginas, tiene que tomar acción en un plazo de veinte (20) días después que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogado y radicar por es-crito en la Corte sus defensas u objeciones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podría seguir adelante sin usted y un fallo podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante. Puede que usted pierda dinero o propiedad u otros derechos importantes para usted.

**USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INNIEDIATAMENTE. SI NO TIENE ABOGADO, DIBÍJASE O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ABAJO.  ESTA OFICINA PUEDE BROVEERLE CON INFORMACION SOBRE COMO CONTRATAR UN ABOGADO.  SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRÍA PROPORCIONARLE INFORMACIÓN ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.**

**Munley Law PC**
**227 Penn Avenue**
**Scranton, PA 18503**
**570-346-7401**

| | | |
|---|---|---|
| MARKHAM PAGAN and | : | IN THE COURT OF COMMON PLEAS |
| JOSEPHINE PAGAN | : | OF LUZERNE COUNTY |
| 155 Academy Avenue | : | |
| Middletown, NY 10940 | : | |
| *Plaintiffs* | : | |
| | : | CIVIL ACTION - LAW |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| RICHARD D. DENT | : | |
| 1570 Lila Street | : | |
| Baton Rouge, LA 70820 | : | |
| P&S TRANSPORTATION, INC. | : | |
| 1810 Avenue C – PO Box 2487 | : | |
| Ensley, AL 35218 | : | |
| P&S TRANSPORTATION LLC, individually | : | |
| and d/b/a P&S TRANSPORTATION | : | |
| 1810 Avenue C | : | |
| Ensley, AL 35218 | : | |
| BLAIR LOGISTICS, LLC | : | |
| 201 19th Street– PO Box 8306 | : | 2021-08460 |
| Ensley, AL 35218 | : | |
| *Defendants* | : | No. |

PROTHONOTARYLUZERNECOUNTY
FILEDAUG26'21PM4:30

## **COMPLAINT**

**NOW** come Plaintiffs, Markham Pagan and Josephine Pagan, by and through their

undersigned counsel, Munley Law, PC, and aver as follows:

1.      Plaintiffs Markham Pagan ("Mr. Pagan") and Josephine Pagan ("Mrs. Pagan")

(collectively "Plaintiffs"), husband and wife, are competent adult individuals who reside at 155

Academy Avenue, Middletown, NY 10940.

2.      Defendant Richard D. Dent ("Defendant Dent"), upon information and belief, is a

competent adult individual who resides at 1570 Lila Street, Baton Rouge, Louisiana 70820.

3.     Defendant P&S Transportation, Inc., upon information and belief, is a corporation and/or other business entity organized and existing under the laws of the State of Alabama with its principal address for doing business located at 1810 Avenue C, Ensley, Alabama 35218.

4.     Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, upon information and belief, is a limited liability corporation and/or other business entity organized and existing under the laws of the State of Alabama with its principal address for doing business located at 1810 Avenue C, Ensley, Alabama 35218.

5.     Defendants P&S Transportation, Inc. and P&S Transportation, LLC, Individually and d/b/a P&S Transportation will hereinafter be referred to as ("the P&S Transportation Defendants").

6.     Defendant Blair Logistics, LLC, ("Defendant Blair Logistics"), upon information and belief, is a limited liability corporation and/or other business entity organized and existing under the laws of the State of Alabama with its principal address for doing business located at 201 19th Street, Ensley, Alabama 35218.

7.     At all times pertinent hereto, upon information and belief, Defendant Dent was the agent, servant, workman, contractor and/or employee of the P&S Transportation Defendants and/or Defendant Blair Logistics and was acting within the course and scope of his agency and/or employment.

8.     At all times pertinent hereto, upon information and belief, the P&S Transportation Defendants were the registered owners of the US DOT number displayed on the tractor unit involved in this collision.

9.     At all times pertinent hereto, the P&S Transportation Defendants and/or Defendant Blair Logistics were the owners of a 2016 Tractor, Indiana license plate number

2774602, and a flatbed semi-trailer, Tennessee license plate number 022072T, operated by Defendant Dent.

10.     At all times pertinent hereto, Mr. Pagan was the operator of a 2014 Nissan Altima, New York license plate number FHC4660, owned by Mrs. Pagan and of which Mrs. Pagan was a front seat passenger.

11.     On or about January 31, 2021, at approximately 8:55 p.m., Mr. Pagan was operating his vehicle traveling northbound on Interstate 81, Hazle Township, Luzerne County, Pennsylvania, and Mrs. Pagan was a front seat passenger.

12.     At the time, the roads were snow covered due to a snowstorm.

13.     Pennsylvania Department of Transportation placed travel restrictions on the roadways, including Interstate 81 in both directions, limiting the speed to forty-five (45) miles per hour and prohibiting tractors towing lightly loaded open trailers.

14.     The Plaintiffs' vehicle was disabled off of the right lane of travel at mile marker 142.7, and the Plaintiffs were waiting for a tow truck to arrive.

15.     At the same time and place, Defendant Dent was operating the aforementioned tractor trailer at approximately fifty (50) miles per hour northbound on Interstate 81, Hazle Township, Luzerne County, Pennsylvania, and was approaching the Plaintiffs' vehicle when he operated his vehicle in such a negligent, careless, and reckless manner that he swerved his tractor trailer causing the flatbed semi-trailer to suddenly and violently strike the driver's side of the Plaintiffs' vehicle with its right rear wheels.

16.     The flatbed semi-trailer then overturned onto the roof of Plaintiffs' vehicle, trapping Plaintiffs in their car.

17.     The Defendants' actions caused Plaintiffs to sustain serious and permanent injuries described in detail more fully below.

18.     As a result of the aforesaid collision, Mr. Pagan has suffered and will suffer from for an indefinite time in the future injuries including but not limited to: left flank pain, abdominal pain, low back pain, traumatic hemorrhagic shock, closed fracture of multiple ribs of left side, contusion of flank, left renal hematoma, traumatic retroperitoneal hematoma, traumatic hemoperitoneum, post concussive syndrome, acute renal injury, acute left renal contusion with associated stranding within the retroperitoneal space, subcutaneous contusion/hematoma within the posterior left flank and multiple acute displaced/nondisplaced left rib fractures, acute mildly displaced fractures of the posterolateral left 3, 5, 6 and 7th ribs, contusion of the abdominal wall requiring multiple exploratory laparotomies, acute kidney failure, scarring/disfigurement of abdomen, left ear pain, jaw pain, and shock to his nerves and nervous system, all of which caused him, continue to cause him and will cause him for an indefinite time in the future great pain, agony and suffering, both physical and mental.

19.     As a result of the aforesaid collision, Mrs. Pagan has suffered and will suffer from for an indefinite time in the future injuries including but not limited to: low back pain, disc bulges at L4-L5 and L5-S1, mid-back pain, left hip pain, neck pain, elbow pain, left flank pain, right wrist pain, chest pain, mildly displaced rib fractures of the left 10th and 11th ribs, and shock to her nerves and nervous system, all of which caused her, continue to cause her and will cause her for an indefinite time in the future great pain, agony and suffering, both physical and mental.

20.     As a result of the aforesaid collision and injuries sustained, Plaintiffs have been forced to undergo medical treatment, including but not limited to diagnostic studies, medications,

surgeries, physical therapy, occupational therapy, and will/may be forced to undergo medical treatment at an undetermined time in the future.

21.     As a result of the aforesaid collision and injuries sustained, Plaintiffs have expended and will/may expend for an indefinite time in the future various and substantial sums of money for the medicine and medical attention in and about endeavoring to treat and cure Plaintiffs of their injuries all to their great financial loss and damage.

22.     As a result of the aforesaid collision and injuries sustained, Plaintiffs have been, and will/may for an indefinite time in the future, be unable to go about their usual and daily occupations and routines.

23.     As a result of the aforesaid collision and injuries sustained, Plaintiffs have been and will/may for an indefinite time in the future be forced to forego the pleasures of life.

24.     As a result of the collision and injuries sustained, Plaintiffs suffered and will/may continue to suffer wage diminution or lessening of their earning power and earning capacity and will/may continue to suffer same forever in the future.

**COUNT ONE**
**Markham Pagan v. Richard D. Dent**
**Negligence**

25.     The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

26.     The aforesaid collision was due solely to the negligent conduct, careless conduct and gross, wanton and reckless conduct of Defendant Dent and in no way due to any negligent act or failure to act on the part of the Plaintiffs.

27.     The negligent conduct, careless conduct and gross, wanton and reckless of Defendant Dent consisted of the following:

a.   Failure to keep a proper lookout;

b.   Overturning the semi-trailer on a passenger vehicle;

c.   Failure to properly observe the roadway;

d.   Failure to brake his vehicle;

e.   Failure to properly control his vehicle;

f.   Failure to take proper and evasive action;

g.   Failure to keep his eyes on the roadway;

h.   Failure to maneuver his vehicle so as to avoid a collision;

i.   Failure to exercise a degree of care which an ordinary and prudent person would
     have done under the circumstances;

j.   Failure to remain attentive and to maintain a sharp lookout for the conditions of
     travel;

k.   Failure to slow or bring his vehicle to a stop to avoid the impact with the
     Plaintiff's vehicle;

l.   Operating his commercial motor vehicle without due regard for the rights, safety,
     and position of Plaintiff lawfully on the roadway;

m.   Operating his vehicle at a speed greater than that which was reasonable and
     prudent under the circumstances in violation of 75 Pa. C.S.A. §3361;

n.   Driving recklessly and with willful and wanton disregard for the safety of persons
     or property in violation of 75 Pa. C.S.A. §3736;

o.   Operating his vehicle so recklessly that he placed Plaintiff in danger of death and
     serious bodily injury in violation of 18 Pa. C.S.A. §2705;

p.   Operating his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

q. Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Hazle Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

r. Failure to inspect the vehicle prior to operating the vehicle;

s. Failure to give warning of his approach;

t. Sending, writing and/or reading a text-based communication;

u. Failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

v. Failure to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361;

w. Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

x. Failure to exercise extreme caution in the operation of his vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

y. Failure to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

z. Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

aa. Falling asleep while driving;

bb. Operating his vehicle in violation of the rules and regulations of the Federal

Motor Carrier Safety Regulations;

cc. Failure to operate, maintain, inspect and repair his vehicle in accordance with the

applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq.,

which have been adopted in this Commonwealth pursuant to 67 Pa. Code

§229.14;

dd. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

ee. Operating his vehicle in excess of the applicable hours of service rules in

violation of 49 C.F.R. §395.3;

ff. Operating his vehicle when he was so fatigued as to make it unsafe for him to

operate the vehicle in violation of 49 CFR §392.3;

gg. Operating his vehicle in such a condition as to likely cause an accident or a

breakdown of the vehicle in violation of 49 C.F.R. §396.7;

hh. Failing to properly inspect his vehicle prior to driving to ensure it was in safe

operating condition in violation of 49 C.F.R. §396.13;

ii. Operating his vehicle when he knew or should have known that he was unfit to do

so;

jj. Failure to record his duty status properly in violation of 49 CFR §395.8; and

kk. Such other negligence, recklessness, and/or willful and wanton conduct as shall

be revealed in discovery under the Pennsylvania Rules of Civil Procedure.

28.     As a result of the above-stated acts and omissions, Mr. Pagan has suffered such

harm as has been previously stated herein.

**WHEREFORE**, Plaintiff Markham Pagan demands judgment against Defendant Richard D. Dent, jointly and severally, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT TWO**
**Markham Pagan v. Richard D. Dent**
**Punitive Damages**

29.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

30.     The conduct of Defendant Dent was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Mr. Pagan. Defendant Dent knew or should have known that knew or should have known that failing to pay attention to the roadway and/or operating his vehicle too fast for the conditions then present, and/or his violation of the applicable hours of service regulations and/or his violation of the federal motor carrier safety regulations would result in serious injury to others driving on the roadway. Defendant Dent knew or should have known that operating his vehicle when he was too fatigued to do so safely and/or while being distracted, would result in serious injury to others driving on the roadway. Defendant Dent knew or should have known that falling asleep while driving, would result in serious injury to others. Furthermore, Defendant Dent knew or should have known that driving while his operating privilege was suspended would result in serious injury to others driving on the roadway. Additionally, Defendant Dent knew or should have known that driving while using a cellular phone without a Bluetooth or hands-free device would result in serious injury to others driving on the roadway.

31.     Despite such knowledge, Defendant Dent nevertheless failed to keep a proper lookout; overturned the semi-trailer on a passenger vehicle; failed to properly observe the

roadway; failed to brake his vehicle; failed to properly control his vehicle; failed to take proper

and evasive action; failed to keep his eyes on the roadway; failed to maneuver his vehicle so as

to avoid a collision; took his eyes off the road to look at his mobile GPS; failed to exercise a

degree of care which an ordinary and prudent person would have done under the circumstances;

failed to remain attentive and to maintain a sharp lookout for the conditions of travel; failed to

slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle; operated his

commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff

lawfully on the roadway; operated his vehicle at a speed greater than that which was reasonable

and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361; drove recklessly and

with willful and wanton disregard for the safety of persons or property in violation of 75 Pa.

C.S.A. §3736; operated his vehicle so recklessly that he placed Plaintiff in danger of death and

serious bodily injury in violation of 18 Pa. C.S.A. §2705; operated his vehicle in a careless

manner in violation of 75 Pa. C.S.A. §3714; failed to obey the rules of the road, the statutes of

the Commonwealth of Pennsylvania; and the ordinances of the Hazle Township, Pennsylvania

while operating his vehicle on the highways and roadways of the Commonwealth of

Pennsylvania; failed to inspect the vehicle prior to operating the vehicle; failed to give warning

of his approach; failed to bring his vehicle to a stop within the assured clear distance ahead in

violation of 75 Pa.C.S.A. §3361; failed to slow down in light of the conditions then and there

existing in violation of 75 Pa.C.S.A. §3361; operated his vehicle while being distracted and/or

fatigued in violation of 49 C.F.R. §392.3; failed to discontinue the use of his commercial motor

vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of

49 C.F.R. §392.14; fell asleep while driving; operated his vehicle in violation of the rules and

regulations of the Federal Motor Carrier Safety Regulations; failed to operate, maintain, inspect

and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety
Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to
67 Pa. Code §229.14; failed to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;
operated his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R.
§395.3; operated his vehicle when he was so fatigued as to make it unsafe for him to operate the
vehicle in violation of 49 CFR §392.3; operated his vehicle in such a condition as to likely cause
an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7; failed to properly
inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49
C.F.R. §396.13; operated his vehicle when he knew or should have known that he was unfit to do
so; failed to record his duty status properly in violation of 49 CFR §395.8; drove while using a
cellular phone without a Bluetooth or hands free device; sent, read and wrote a text-based
communication while operating a motor vehicle; and operated his vehicle while being distracted
and/or fatigued in violation of 49 C.F.R. §392.3.

32.     All of these acts did constitute a reckless indifference to the risk of injury to Mr.
Pagan. As a result, Mr. Pagan is seeking an award of punitive damages against Defendant Dent.

**WHEREFORE**, Plaintiff Markham Pagan demands judgment against Defendant Richard
D. Dent, jointly and severally, in an amount in excess of $50,000.00 plus interest, costs and such
other relief as this Court deems appropriate.

### COUNT THREE
### Markham Pagan v. Richard D. Dent
### Loss of Consortium

33.     The preceding paragraphs above are incorporated by reference as if fully set forth
herein at length.

34.     At all times here pertinent, Mr. Pagan was and is the husband of Mrs. Pagan.

35.     Solely because of the negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Dent in causing the injuries to Mrs. Pagan, Mr. Pagan, as husband of Mrs. Pagan, has, is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure his wife of her injuries.

36.     By reason of the aforesaid collision, Mr. Pagan has, is and will/may be in the future deprived of the assistance and society of his wife, all of which has been and will be to his great financial loss and detriment.

**WHEREFORE**, Plaintiff Markham Pagan demands judgment against Defendant Richard D. Dent, jointly and severally, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT FOUR**
**Markham Pagan v. P&S Transportation, Inc.**
**Negligence**

37.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

38.     The aforementioned collision was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant P&S Transportation, Inc., and/or its agents, ostensible agents, servants, workmen, and/or employees and in no way due to the negligent act or failure to act on the part of Plaintiffs.

39.     The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant P&S Transportation, Inc., by and through the acts and or omissions of its agents and/or employees, including but not limited to Defendant Dent, consisted of the following:

a.   Failure to keep a proper lookout;

b.  Overturning the semi-trailer on a passenger vehicle;

c.  Failure to properly observe the roadway;

d.  Failure to brake his vehicle;

e.  Failure to properly control his vehicle;

f.  Failure to take proper and evasive action;

g.  Failure to keep his eyes on the roadway;

h.  Failure to maneuver his vehicle so as to avoid a collision;

i.  Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

j.  Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

k.  Failure to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle;

l.  Operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway;

m.  Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361;

n.  Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

o.  Operating his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

p.  Operating his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

q. Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Hazle Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

r. Failure to inspect the vehicle prior to operating the vehicle;

s. Failure to give warning of his approach;

t. Failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

u. Failure to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361;

v. Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

w. Failure to exercise extreme caution in the operation of his vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

x. Failure to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

y. Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

z. Falling asleep while driving;

aa. Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

bb. Failure to operate, maintain, inspect and repair his vehicle in accordance with

the applicable Federal Motor Carrier Safety

Regulations 49 C.F.R. §390 et seq., which have been adopted in this

Commonwealth pursuant to 67 Pa. Code §229.14;

cc. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

dd. Operating his vehicle in excess of the applicable hours of service rules in

violation of 49 C.F.R. §395.3;

ee. Operating his vehicle when he was so fatigued as to make it unsafe for him to

operate the vehicle in violation of 49 CFR §392.3;

ff. Operating his vehicle in such a condition as to likely cause an accident or a

breakdown of the vehicle in violation of 49 C.F.R. §396.7;

gg. Failing to properly inspect his vehicle prior to driving to ensure it was in safe

operating condition in violation of 49 C.F.R. §396.13;

hh. Operating his vehicle when he knew or should have known that he was unfit

to do so;

ii. Failure to record his duty status properly in violation of 49 CFR §395.8; and

jj. Such other negligence, recklessness, and/or willful and wanton conduct as

shall be revealed in discovery under the Pennsylvania Rules of Civil

Procedure.

40.     The negligent conduct, careless conduct, and gross, wanton and reckless conduct

of Defendant P&S Transportation, Inc., in its own right, consisted of the following:

a. Negligently entrusting Defendant Dent with its vehicle when it knew or should have known that Defendant Dent lacked sufficient skill, judgment, and prudence in the operation of the vehicle;

b. Failing to adequately instruct Defendant Dent in the safe operation of the vehicle prior to entrusting him with it;

c. Failing to prevent Defendant Dent from operating the vehicle until he had sufficient ability to operate the motor vehicle safely;

d. Failing to adequately ascertain that Defendant Dent lacked the ability necessary to safely operate the vehicle under the circumstances;

e. Failure to provide Defendant Dent with the equipment necessary to safely operate the vehicle;

f. Failure to maintain the brakes on the tractor-trailer;

g. Failure to adequately train and oversee their employees, including Defendant Dent, in the inspection and operation of its tractor trailer;

h. Failure to properly qualify Defendant Dent as required by 49 CFR § 391 et seq.;

i. Permitting Defendant Dent to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3;

j. Permitting Defendant Dent to operate its vehicle when it knew or should have known that he was unfit to do so;

k. Permitting Defendant Dent to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued;

l. Permitting Defendant Dent to operate its vehicle when it knew or should have known that the requirements for Defendant Dent to earn income from operating its vehicle would cause Defendant Dent to violate the rules of the road and/or drive while distracted and/or fatigued;

m. Scheduling a run and/or requiring Defendant Dent to operate its vehicle between points in such periods of time as would necessitate Defendant Dent to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6;

n. Permitting Defendant Dent to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3;

o. Failure to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania;

p. Failure to require Defendant Dent to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

q.  Aiding, abetting, encouraging and/or requiring Defendant Dent to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13;

r.  Operating its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

s.  Failure to provide Defendant Dent with proper training necessary to drive the vehicle;

t.  Failure to properly supervise Defendant Dent in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations; and

u.  Such other negligence, recklessness, and/or willful and wanton conduct as shall be revealed in discovery under the Pennsylvania Rules of Civil Procedure.

41.    As a result of the above-stated acts and omissions, Mr. Pagan has suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff Markham Pagan demands judgment against Defendant P&S Transportation, Inc., jointly and severally, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

### COUNT FIVE
### Markham Pagan v. P&S Transportation, Inc.
### Punitive Damages

42.    The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

43.    The conduct of Defendant P&S Transportation, Inc., by and through the acts and or omissions of its agents, servants, workmen, and/or employees, including but not limited to Defendant Dent was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff. Defendants P&S Transportation, Inc., and Dent knew or should have known that operating his vehicle when he was too fatigued to do so safely and/or while being distracted, would result in serious injury to others driving on the roadway. Defendants P&S Transportation, Inc., and Dent knew or should have known that falling asleep while driving, would result in serious injury to others. Furthermore, Defendants P&S Transportation, Inc., and Dent knew or should have known that failing to pay attention to the roadway and/or operating his vehicle too fast for the conditions then present, and/or when he was in violation of the applicable hours of service regulations and/or while he was in violation of the federal motor carrier safety regulations, would result in serious injury to others driving on the roadway. Additionally, Defendants P&S Transportation, Inc., and Dent knew or should have known that driving while his operating privilege was suspended would result in serious injury to others driving on the roadway.

44.    Despite such knowledge, Defendant P&S Transportation, Inc., by and through the acts and/or omissions of its agents, servants, workmen, and/or employees, including but not limited to Defendant Dent nevertheless failed to keep a proper lookout; overturned the semi-trailer on a passenger vehicle; failed to properly observe the roadway; failed to brake his vehicle; failed to properly control his vehicle; failed to take proper and evasive action; took his eyes off the road to look at his mobile GPS; failed to keep his eyes on the roadway; failed to maneuver his vehicle so as to avoid a collision; failed to exercise a degree of care which an ordinary and prudent person would have done under the circumstances; failed to remain attentive and to

maintain a sharp lookout for the conditions of travel; failed to slow or bring his vehicle to a stop

to avoid the impact with the Plaintiff's vehicle; operated his commercial motor vehicle without

due regard for the rights, safety, and position of Plaintiff lawfully on the roadway; operated his

vehicle at a speed greater than that which was reasonable and prudent under the circumstances in

violation of 75 Pa. C.S.A. §3361; drove recklessly and with willful and wanton disregard for the

safety of persons or property in violation of 75 Pa. C.S.A. §3736; operated his vehicle so

recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18

Pa. C.S.A. §2705; operated his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

failed to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the

ordinances of Hazle Township, Pennsylvania while operating his vehicle on the highways and

roadways of the Commonwealth of Pennsylvania; failed to inspect the vehicle prior to operating

the vehicle; failed to give warning of his approach; failed to bring his vehicle to a stop within the

assured clear distance ahead in violation of 75 Pa.C.S.A. §3361; failed to slow down in light of

the conditions then and there existing in violation of 75 Pa.C.S.A. §3361; operated his vehicle

while being distracted and/or fatigued in violation of 49 C.F.R. §392.3; failed to discontinue the

use of his commercial motor vehicle when hazardous conditions adversely affected his visibility

and/or traction in violation of 49 C.F.R. §392.14; fell asleep while driving; operated his vehicle

in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed

to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal

Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this

Commonwealth pursuant to 67 Pa. Code §229.14; failed to properly inspect his vehicle in

accordance with 49 C.F.R. §392.7; operated his vehicle in excess of the applicable hours of

service rules in violation of 49 C.F.R. §395.3; operated his vehicle when he was so fatigued as to

make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3; operated his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7; failed to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13; operated his vehicle when he knew or should have known that he was unfit to do so; failed to record his duty status properly in violation of 49 CFR §395.8; drove while using a cellular phone without a Bluetooth or hands free device; sent, read and wrote a text-based communication while operating a motor vehicle; and operated his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3.

45.    The conduct of P&S Transportation, Inc., was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff, in their own right. Defendant P&S Transportation, Inc., knew of or should have known that Defendant Dent lacked the ability to safely operate a motor vehicle and did not have sufficient skill, judgment, and prudence in operating a motor vehicle. Defendant P&S Transportation, Inc., knew or should have known that the manner in which it conducted their business and compensated their agents, servants, workmen, and/or employees, including but not limited to Defendant Dent, would cause its employees, including Defendant Dent, to violate the rules of the road and/or drive while distracted and/or fatigued. Defendant P&S Transportation, Inc., knew or should have known that allowing its employees to violate the rules of the road and/or drive while distracted and/or fatigued would result in serious injury to the traveling public, including Plaintiff. Defendant P&S Transportation, Inc., knew or should have known that permitting Defendant Dent to operate its tractor-trailer when he was not qualified to do so, when he could not do so safely, when he would be operating the truck when he was too fatigued to do so and while he was in violation of the applicable hours of service regulations would result in serious injury to

others driving on the roadway. Defendant P&S Transportation, Inc., knew or should have known that failing to hire and retain only competent drivers would result in serious injury to others driving on the roadway. Defendant P&S Transportation, Inc. knew or should have known that failing to properly train and supervise its agents, servants, workmen, and/or employees, including but not limited to Defendant Dent would result in serious injury to others driving on the roadway. Moreover, Defendant P&S Transportation, Inc., knew or should have known that failing to inspect, maintain, repair and operate its vehicle in compliance with all applicable standards and regulations, including but not limited to the Federal Motor Carrier Safety regulations would result in serious injury to others driving on the roadway.

46.     Despite such knowledge, Defendant P&S Transportation, Inc., nevertheless, negligently entrusted Defendant Dent with its vehicle when it knew or should have known that he lacked sufficient skill, judgment, and prudence in the operation of the vehicle; failed to adequately instruct Defendant Dent in the safe operation of the vehicle prior to entrusting him with it; failed to prevent Defendant Dent from operating the vehicle until he had sufficient ability to operate the motor vehicle safely; failed to adequately ascertain that Defendant Dent lacked the ability necessary to safely operate the vehicle under the circumstances; failed to provide Defendant Dent with the equipment necessary to safely operate the vehicle; failed to maintain the brakes on the tractor-trailer; failed to adequately train and oversee their employees, including Defendant Dent, in the inspection and operation of its tractor trailer; failed to properly qualify Defendant Dent as required by 49 CFR § 391 et seq.; permitted Defendant Dent to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3; permitted Defendant Dent to operate its vehicle when it knew or should have known that he was unfit to do so; permitted Defendant Dent to operate its vehicle when it knew

or should have known he would drive while being distracted and/or fatigued; permitted

Defendant Dent to operate its vehicle when it knew or should have known that the requirements

for Defendant Dent to earn income from operating its vehicle would cause Defendant Dent to

violate the rules of the road and/or drive while distracted and/or fatigued; scheduled a run and/or

required Defendant Dent to operate its vehicle between points in such periods of time as would

necessitate Defendant Dent to operate the vehicle at too great a speed in violation of 49 C.F.R.

§392.6; permitted Defendant Dent to operate its vehicle when it knew or should have known that

he was operating the vehicle in excess of the applicable hours of service in violation of  49 CFR

§ 395.3; failed to operate, maintain, inspect and repair its vehicle in accord with the applicable

Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations

of the Commonwealth of Pennsylvania; failed to require Defendant Dent to observe and abide by

the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11; aided, abetted,

encouraged and/or required Defendant Dent to violate the Federal Motor Carrier Safety

Regulations in violation of 49 C.F.R. §390.13; operated its vehicle in violation of the rules and

regulations of the Federal Motor Carrier Safety Regulations; failed to provide Defendant Dent

with proper training necessary to drive the vehicle; and failed to properly supervise Defendant

Dent in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety

Regulations.

      47.     All of these acts did constitute a reckless indifference to the risk of injury to Mr.

Pagan. As a result, Mr. Pagan is seeking an award of punitive damages against Defendant P&S

Transportation, Inc.

**WHEREFORE**, Plaintiff Markham Pagan demands judgment against Defendant P&S Transportation, Inc., jointly and severally, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

### COUNT SIX
### Markham Pagan v. P&S Transportation, Inc.
### Loss of Consortium

48.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

49.     At all times here pertinent, Mr. Pagan was and is the husband of Mrs. Pagan.

50.     Solely because of the negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant in causing the injuries to Mrs. Pagan, Mr. Pagan, as husband of Mrs. Pagan, has, is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure his wife of her injuries.

51.     By reason of the aforesaid collision, Mr. Pagan has, is and will/may be in the future deprived of the assistance and society of his wife, all of which has been and will be to his great financial loss and detriment.

**WHEREFORE**, Plaintiff Markham Pagan demands judgment against Defendant P&S Transportation, Inc., jointly and severally, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

### COUNT SEVEN
### Markham Pagan v. P&S Transportation, LLC, Individually and d/b/a P&S Transportation
### Negligence

52.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

53.     The aforementioned collision was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, and/or its agents, ostensible agents, servants, workmen, and/or employees and in no way due to the negligent act or failure to act on the part of Plaintiffs.

54.     The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, by and through the acts and or omissions of its agents and/or employees, including but not limited to Defendant Dent, consisted of the following:

      a.   Failure to keep a proper lookout;

      b.   Overturning the semi-trailer on a passenger vehicle;

      c.   Failure to properly observe the roadway;

      d.   Failure to brake his vehicle;

      e.   Failure to properly control his vehicle;

      f.   Failure to take proper and evasive action;

      g.   Failure to keep his eyes on the roadway;

      h.   Failure to maneuver his vehicle so as to avoid a collision;

      i.   Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

      j.   Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

      k.   Failure to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle;

l.  Operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway;

m.  Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361;

n.  Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

o.  Operating his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

p.  Operating his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

q.  Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Hazle Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

r.  Failure to inspect the vehicle prior to operating the vehicle;

s.  Failure to give warning of his approach;

t.  Failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

u.  Failure to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361;

v.  Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

w.  Failure to exercise extreme caution in the operation of his vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

x.  Failure to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

y.  Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

z.  Falling asleep while driving;

aa. Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

bb. Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety

Regulations 49 C.F.R. §390 et seq., which have been adopted in this

Commonwealth pursuant to 67 Pa. Code §229.14;

cc. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

dd. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

ee. Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

ff. Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

gg. Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

hh. Operating his vehicle when he knew or should have known that he was unfit to do so;

ii. Failure to record his duty status properly in violation of 49 CFR §395.8; and

jj. Such other negligence, recklessness, and/or willful and wanton conduct as shall be revealed in discovery under the Pennsylvania Rules of Civil Procedure.

55.     The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, in its own right, consisted of the following:

a.  Negligently entrusting Defendant Dent with its vehicle when it knew or should have known that Defendant Dent lacked sufficient skill, judgment, and prudence in the operation of the vehicle;

b.  Failing to adequately instruct Defendant Dent in the safe operation of the vehicle prior to entrusting him with it;

c.  Failing to prevent Defendant Dent from operating the vehicle until he had sufficient ability to operate the motor vehicle safely;

d.  Failing to adequately ascertain that Defendant Dent lacked the ability necessary to safely operate the vehicle under the circumstances;

e.  Failure to provide Defendant Dent with the equipment necessary to safely operate the vehicle;

f.  Failure to maintain the brakes on the tractor-trailer;

g.  Failure to adequately train and oversee their employees, including Defendant Dent, in the inspection and operation of its tractor trailer;

h.  Failure to properly qualify Defendant Dent as required by 49 CFR § 391 et seq.;

i.  Permitting Defendant Dent to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3;

j.  Permitting Defendant Dent to operate its vehicle when it knew or should have known that he was unfit to do so;

k.  Permitting Defendant Dent to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued;

l.  Permitting Defendant Dent to operate its vehicle when it knew or should have known that the requirements for Defendant Dent to earn income from operating its vehicle would cause Defendant Dent to violate the rules of the road and/or drive while distracted and/or fatigued;

m.  Scheduling a run and/or requiring Defendant Dent to operate its vehicle between points in such periods of time as would necessitate Defendant Dent to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6;

n.  Permitting Defendant Dent to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3;

o.  Failure to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania;

p.  Failure to require Defendant Dent to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

q.  Aiding, abetting, encouraging and/or requiring Defendant Dent to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13;

r.  Operating its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

s.  Failure to provide Defendant Dent with proper training necessary to drive the vehicle;

t.  Failure to properly supervise Defendant Dent in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations; and

u.  Such other negligence, recklessness, and/or willful and wanton conduct as shall be revealed in discovery under the Pennsylvania Rules of Civil Procedure.

56.     As a result of the above-stated acts and omissions, Mr. Pagan has suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff Markham Pagan demands judgment against Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, jointly and severally, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT EIGHT**
**Markham Pagan v. P&S Transportation, LLC, Individually and d/b/a P&S Transportation**
**Punitive Damages**

57.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

58.     The conduct of Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, by and through the acts and or omissions of its agents, servants, workmen, and/or employees, including but not limited to Defendant Dent was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff. Defendants P&S Transportation, LLC, Individually and d/b/a P&S Transportation, and Dent knew or should have known that operating his vehicle when he was too fatigued to do so safely and/or while being distracted, would result in serious injury to others driving on the roadway. Defendants P&S Transportation, LLC, Individually and d/b/a P&S Transportation, and Dent knew or should have known that falling asleep while driving, would result in serious injury to others. Furthermore, Defendants P&S Transportation, LLC, Individually and d/b/a P&S Transportation, and Dent knew or should have known that failing to pay attention to the roadway and/or operating his vehicle too fast for the conditions then present, and/or when he was in violation of the applicable hours of service regulations and/or while he was in violation of the

federal motor carrier safety regulations, would result in serious injury to others driving on the roadway. Additionally, Defendants P&S Transportation, LLC, Individually and d/b/a P&S Transportation, and Dent knew or should have known that driving while his operating privilege was suspended would result in serious injury to others driving on the roadway.

59.    Despite such knowledge, Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, by and through the acts and/or omissions of its agents, servants, workmen, and/or employees, including but not limited to Defendant Dent nevertheless failed to keep a proper lookout; overturned the semi-trailer on a passenger vehicle; failed to properly observe the roadway; failed to brake his vehicle; failed to properly control his vehicle; failed to take proper and evasive action; took his eyes off the road to look at his mobile GPS; failed to keep his eyes on the roadway; failed to maneuver his vehicle so as to avoid a collision; failed to exercise a degree of care which an ordinary and prudent person would have done under the circumstances; failed to remain attentive and to maintain a sharp lookout for the conditions of travel; failed to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle; operated his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway; operated his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361; drove recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736; operated his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705; operated his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714; failed to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Hazle Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth

of Pennsylvania; failed to inspect the vehicle prior to operating the vehicle; failed to give

warning of his approach; failed to bring his vehicle to a stop within the assured clear distance

ahead in violation of 75 Pa.C.S.A. §3361; failed to slow down in light of the conditions then and

there existing in violation of 75 Pa.C.S.A. §3361; operated his vehicle while being distracted

and/or fatigued in violation of 49 C.F.R. §392.3; failed to discontinue the use of his commercial

motor vehicle when hazardous conditions adversely affected his visibility and/or traction in

violation of 49 C.F.R. §392.14; fell asleep while driving; operated his vehicle in violation of the

rules and regulations of the Federal Motor Carrier Safety Regulations; failed to operate,

maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier

Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth

pursuant to 67 Pa. Code §229.14; failed to properly inspect his vehicle in accordance with 49

C.F.R. §392.7; operated his vehicle in excess of the applicable hours of service rules in violation

of 49 C.F.R. §395.3; operated his vehicle when he was so fatigued as to make it unsafe for him

to operate the vehicle in violation of 49 CFR §392.3; operated his vehicle in such a condition as

to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7; failed

to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in

violation of 49 C.F.R. §396.13; operated his vehicle when he knew or should have known that he

was unfit to do so; failed to record his duty status properly in violation of 49 CFR §395.8; drove

while using a cellular phone without a Bluetooth or hands free device; sent, read and wrote a

text-based communication while operating a motor vehicle; and operated his vehicle while being

distracted and/or fatigued in violation of 49 C.F.R. §392.3.

     60.    The conduct of P&S Transportation, LLC, Individually and d/b/a P&S

Transportation, was outrageous and/or done willfully, wantonly and/or with reckless indifference

to the rights of the public including Plaintiff, in their own right. Defendant P P&S Transportation, LLC, Individually and d/b/a P&S Transportation, knew of or should have known that Defendant Dent lacked the ability to safely operate a motor vehicle and did not have sufficient skill, judgment, and prudence in operating a motor vehicle. Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, knew or should have known that the manner in which it conducted their business and compensated their agents, servants, workmen, and/or employees, including but not limited to Defendant Dent, would cause its employees, including Defendant Dent, to violate the rules of the road and/or drive while distracted and/or fatigued. Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, knew or should have known that allowing its employees to violate the rules of the road and/or drive while distracted and/or fatigued would result in serious injury to the traveling public, including Plaintiff. Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, knew or should have known that permitting Defendant Dent to operate its tractor-trailer when he was not qualified to do so, when he could not do so safely, when he would be operating the truck when he was too fatigued to do so and while he was in violation of the applicable hours of service regulations would result in serious injury to others driving on the roadway. Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, knew or should have known that failing to hire and retain only competent drivers would result in serious injury to others driving on the roadway. Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation knew or should have known that failing to properly train and supervise its agents, servants, workmen, and/or employees, including but not limited to Defendant Dent would result in serious injury to others driving on the roadway.  Moreover, Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, knew or

should have known that failing to inspect, maintain, repair and operate its vehicle in compliance with all applicable standards and regulations, including but not limited to the Federal Motor Carrier Safety regulations would result in serious injury to others driving on the roadway.

61.     Despite such knowledge, Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, nevertheless, negligently entrusted Defendant Dent with its vehicle when it knew or should have known that he lacked sufficient skill, judgment, and prudence in the operation of the vehicle; failed to adequately instruct Defendant Dent in the safe operation of the vehicle prior to entrusting him with it; failed to prevent Defendant Dent from operating the vehicle until he had sufficient ability to operate the motor vehicle safely; failed to adequately ascertain that Defendant Dent lacked the ability necessary to safely operate the vehicle under the circumstances; failed to provide Defendant Dent with the equipment necessary to safely operate the vehicle; failed to maintain the brakes on the tractor-trailer; failed to adequately train and oversee their employees, including Defendant Dent, in the inspection and operation of its tractor trailer; failed to properly qualify Defendant Dent as required by 49 CFR § 391 et seq.; permitted Defendant Dent to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3; permitted Defendant Dent to operate its vehicle when it knew or should have known that he was unfit to do so; permitted Defendant Dent to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued; permitted Defendant Dent to operate its vehicle when it knew or should have known that the requirements for Defendant Dent to earn income from operating its vehicle would cause Defendant Dent to violate the rules of the road and/or drive while distracted and/or fatigued; scheduled a run and/or required Defendant Dent to operate its vehicle between points in such periods of time as would necessitate Defendant Dent to operate the vehicle at too great a

speed in violation of 49 C.F.R. §392.6; permitted Defendant Dent to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3; failed to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania; failed to require Defendant Dent to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11; aided, abetted, encouraged and/or required Defendant Dent to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13; operated its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed to provide Defendant Dent with proper training necessary to drive the vehicle; and failed to properly supervise Defendant Dent in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations.

62.     All of these acts did constitute a reckless indifference to the risk of injury to Mr. Pagan. As a result, Mr. Pagan is seeking an award of punitive damages against Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation.

**WHEREFORE**, Plaintiff Markham Pagan demands judgment against Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, jointly and severally, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

### COUNT NINE
**Markham Pagan v. P&S Transportation, LLC, Individually and d/b/a P&S Transportation**
**Loss of Consortium**

63.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

64.    At all times here pertinent, Mr. Pagan was and is the husband of Mrs. Pagan.

65.    Solely because of the negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant in causing the injuries to Mrs. Pagan, Mr. Pagan, as husband of Mrs. Pagan, has, is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure his wife of her injuries.

66.    By reason of the aforesaid collision, Mr. Pagan has, is and will/may be in the future deprived of the assistance and society of his wife, all of which has been and will be to his great financial loss and detriment.

**WHEREFORE,** Plaintiff Markham Pagan demands judgment against Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, jointly and severally, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT TEN**
**Markham Pagan v. Blair Logistics, LLC**
**Negligence**

67.    The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

68.    The aforementioned collision was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Blair Logistics and/or its agents, ostensible agents, servants, workmen, and/or employees and in no way due to the negligent act or failure to act on the part of Plaintiffs.

69.     The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Blair Logistics, by and through the acts and or omissions of its agents and/or employees, including but not limited to Defendant Dent, consisted of the following:

    a.  Failure to keep a proper lookout;

    b.  Overturning the semi-trailer on a passenger vehicle;

    c.  Failure to properly observe the roadway;

    d.  Failure to brake his vehicle;

    e.  Failure to properly control his vehicle;

    f.  Failure to take proper and evasive action;

    g.  Failure to keep his eyes on the roadway;

    h.  Failure to maneuver his vehicle so as to avoid a collision;

    i.  Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

    j.  Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

    k.  Failure to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle;

    l.  Operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway;

    m.  Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361;

    n.  Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

o.   Operating his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

p.   Operating his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

q.   Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Hazle Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

r.   Failure to inspect the vehicle prior to operating the vehicle;

s.   Failure to give warning of his approach;

t.   Failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

u.   Failure to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361;

v.   Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

w.   Failure to exercise extreme caution in the operation of his vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

x.   Failure to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

y.   Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

z. Falling asleep while driving;

aa. Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

bb. Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable *Federal Motor Carrier Safety Regulations* 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

cc. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

dd. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

ee. Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

ff. Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

gg. Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

hh. Operating his vehicle when he knew or should have known that he was unfit to do so;

ii. Failure to record his duty status properly in violation of 49 CFR §395.8; and

jj. Such other negligence, recklessness, and/or willful and wanton conduct as shall be revealed in discovery under the Pennsylvania Rules of Civil Procedure.

70. The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Blair Logistics, in its own right, consisted of the following:

a. Negligently entrusting Defendant Dent with its vehicle when it knew or should have known that Defendant Dent lacked sufficient skill, judgment, and prudence in the operation of the vehicle;

b. Failing to adequately instruct Defendant Dent in the safe operation of the vehicle prior to entrusting him with it;

c. Failing to prevent Defendant Dent from operating the vehicle until he had sufficient ability to operate the motor vehicle safely;

d. Failing to adequately ascertain that Defendant Dent lacked the ability necessary to safely operate the vehicle under the circumstances;

e. Failure to provide Defendant Dent with the equipment necessary to safely operate the vehicle;

f. Failure to maintain the brakes on the tractor-trailer;

g. Failure to adequately train and oversee their employees, including Defendant Dent, in the inspection and operation of its tractor trailer;

h. Failure to properly qualify Defendant Dent as required by 49 CFR § 391 et seq.;

i. Permitting Defendant Dent to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3;

j. Permitting Defendant Dent to operate its vehicle when it knew or should have known that he was unfit to do so;

k. Permitting Defendant Dent to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued;

l. Permitting Defendant Dent to operate its vehicle when it knew or should have known that the requirements for Defendant Dent to earn income from operating

its vehicle would cause Defendant Dent to violate the rules of the road and/or drive while distracted and/or fatigued;

m.  Scheduling a run and/or requiring Defendant Dent to operate its vehicle between points in such periods of time as would necessitate Defendant Dent to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6;

n.  Permitting Defendant Dent to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3;

o.  Failure to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania;

p.  Failure to require Defendant Dent to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

q.  Aiding, abetting, encouraging and/or requiring Defendant Dent to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13;

r.  Operating its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

s.  Failure to provide Defendant Dent with proper training necessary to drive the vehicle;

t.  Failure to properly supervise Defendant Dent in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations; and

u.  Such other negligence, recklessness, and/or willful and wanton conduct as shall be revealed in discovery under the Pennsylvania Rules of Civil Procedure.

71.     As a result of the above-stated acts and omissions, Mr. Pagan has suffered such harm as has been previously stated herein.

**WHEREFORE,** Plaintiff Markham Pagan demands judgment against Defendant Blair Logistics, LLC, jointly and severally, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

### COUNT ELEVEN
### Markham Pagan v. Blair Logistics, LLC
### Punitive Damages

72.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

73.     The conduct of Defendant Blair Logistics, by and through the acts and or omissions of its agents, servants, workmen, and/or employees, including but not limited to Defendant Dent was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff. Defendants Blair Logistics and Dent knew or should have known that operating his vehicle when he was too fatigued to do so safely and/or while being distracted, would result in serious injury to others driving on the roadway. Defendants Blair Logistics and Dent knew or should have known that falling asleep while driving, would result in serious injury to others. Furthermore, Defendants Blair Logistics and Dent knew or should have known that failing to pay attention to the roadway and/or operating his vehicle too fast for the conditions then present, and/or when he was in violation of the applicable hours of service regulations and/or while he was in violation of the federal motor carrier safety regulations, would result in serious injury to others driving on the roadway. Additionally, Defendants Blair Logistics and Dent knew or should have known that driving while his operating privilege was suspended would result in serious injury to others driving on the roadway.

74.     Despite such knowledge, Defendant Blair Logistics, by and through the acts and/or omissions of its agents, servants, workmen, and/or employees, including but not limited to Defendant Dent nevertheless failed to keep a proper lookout; overturned the semi-trailer on a passenger vehicle; failed to properly observe the roadway; failed to brake his vehicle; failed to properly control his vehicle; failed to take proper and evasive action; took his eyes off the road to look at his mobile GPS; failed to keep his eyes on the roadway; failed to maneuver his vehicle so as to avoid a collision; failed to exercise a degree of care which an ordinary and prudent person would have done under the circumstances; failed to remain attentive and to maintain a sharp lookout for the conditions of travel; failed to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle; operated his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway; operated his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361; drove recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736; operated his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705; operated his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714; failed to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Hazle Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania; failed to inspect the vehicle prior to operating the vehicle; failed to give warning of his approach; failed to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361; failed to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361; operated his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3; failed to discontinue the use of

his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14; fell asleep while driving; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14; failed to properly inspect his vehicle in accordance with 49 C.F.R. §392.7; operated his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3; operated his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3; operated his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7; failed to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13; operated his vehicle when he knew or should have known that he was unfit to do so; failed to record his duty status properly in violation of 49 CFR §395.8; drove while using a cellular phone without a Bluetooth or hands free device; sent, read and wrote a text-based communication while operating a motor vehicle; and operated his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3.

75.    The conduct of Defendant Blair Logistics was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff, in their own right. Defendant Blair Logistics knew of or should have known that Defendant Dent lacked the ability to safely operate a motor vehicle and did not have sufficient skill, judgment, and prudence in operating a motor vehicle. Defendant Blair Logistics knew or should have known that the manner in which it conducted their business and compensated their agents, servants, workmen, and/or employees, including but not limited to Defendant Dent, would cause its

employees, including Defendant Dent, to violate the rules of the road and/or drive while distracted and/or fatigued. Defendant Blair Logistics knew or should have known that allowing its employees to violate the rules of the road and/or drive while distracted and/or fatigued would result in serious injury to the traveling public, including Plaintiff. Defendant Blair Logistics knew or should have known that permitting Defendant Dent to operate its tractor-trailer when he was not qualified to do so, when he could not do so safely, when he would be operating the truck when he was too fatigued to do so and while he was in violation of the applicable hours of service regulations would result in serious injury to others driving on the roadway. Defendant Blair Logistics knew or should have known that failing to hire and retain only competent drivers would result in serious injury to others driving on the roadway. Defendant Blair Logistics knew or should have known that failing to properly train and supervise its agents, servants, workmen, and/or employees, including but not limited to Defendant Dent would result in serious injury to others driving on the roadway. Moreover, Defendant Blair Logistics knew or should have known that failing to inspect, maintain, repair and operate its vehicle in compliance with all applicable standards and regulations, including but not limited to the Federal Motor Carrier Safety regulations would result in serious injury to others driving on the roadway.

76.     Despite such knowledge, Defendant Blair Logistics nevertheless, negligently entrusted Defendant Dent with its vehicle when it knew or should have known that he lacked sufficient skill, judgment, and prudence in the operation of the vehicle; failed to adequately instruct Defendant Dent in the safe operation of the vehicle prior to entrusting him with it; failed to prevent Defendant Dent from operating the vehicle until he had sufficient ability to operate the motor vehicle safely; failed to adequately ascertain that Defendant Dent lacked the ability necessary to safely operate the vehicle under the circumstances; failed to provide Defendant

Dent with the equipment necessary to safely operate the vehicle; failed to maintain the brakes on the tractor-trailer; failed to adequately train and oversee their employees, including Defendant Dent, in the inspection and operation of its tractor trailer; failed to properly qualify Defendant Dent as required by 49 CFR § 391 et seq.; permitted Defendant Dent to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3; permitted Defendant Dent to operate its vehicle when it knew or should have known that he was unfit to do so; permitted Defendant Dent to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued; permitted Defendant Dent to operate its vehicle when it knew or should have known that the requirements for Defendant Dent to earn income from operating its vehicle would cause Defendant Dent to violate the rules of the road and/or drive while distracted and/or fatigued; scheduled a run and/or required Defendant Dent to operate its vehicle between points in such periods of time as would necessitate Defendant Dent to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6; permitted Defendant Dent to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3; failed to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania; failed to require Defendant Dent to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11; aided, abetted, encouraged and/or required Defendant Dent to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13; operated its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed to provide Defendant Dent with proper training necessary to drive the vehicle; and failed to properly supervise Defendant

**WHEREFORE**, Plaintiff Markham Pagan demands judgment against Defendant Blair Logistics, LLC, jointly and severally, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

### COUNT THIRTEEN
### Josephine Pagan v. Richard D. Dent
### Negligence

82.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

83.     The aforesaid collision was due solely to the negligent conduct, careless conduct and gross, wanton and reckless conduct of Defendant Dent and in no way due to any negligent act or failure to act on the part of the Plaintiffs.

84.     The negligent conduct, careless conduct and gross, wanton and reckless of Defendant Dent consisted of the following:

a.   Failure to keep a proper lookout;

b.   Overturning the semi-trailer on a passenger vehicle;

c.   Failure to properly observe the roadway;

d.   Failure to brake his vehicle;

e.   Failure to properly control his vehicle;

f.   Failure to take proper and evasive action;

g.   Failure to keep his eyes on the roadway;

h.   Failure to maneuver his vehicle so as to avoid a collision;

i.   Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

j.  Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

k.  Failure to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle;

l.  Operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway;

m.  Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361;

n.  Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

o.  Operating his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

p.  Operating his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

q.  Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Hazle Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

r.  Failure to inspect the vehicle prior to operating the vehicle;

s.  Failure to give warning of his approach;

t.  Sending, writing and/or reading a text-based communication;

u.  Failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

v. Failure to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361;

w. Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

x. Failure to exercise extreme caution in the operation of his vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

y. Failure to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

z. Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

aa. Falling asleep while driving;

bb. Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

cc. Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

dd. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

ee. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

ff.  Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

gg.  Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

hh.  Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

ii.  Operating his vehicle when he knew or should have known that he was unfit to do so;

jj.  Failure to record his duty status properly in violation of 49 CFR §395.8; and

kk.  Such other negligence, recklessness, and/or willful and wanton conduct as shall be revealed in discovery under the Pennsylvania Rules of Civil Procedure.

85.    As a result of the above-stated acts and omissions, Mrs. Pagan has suffered such harm as has been previously stated herein.

**WHEREFORE,** Plaintiff Josephine Pagan demands judgment against Defendant Richard D. Dent, jointly and severally, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT FOURTEEN**
**Josephine Pagan v. Richard D. Dent**
**Punitive Damages**

86.    The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

87.    The conduct of Defendant Dent was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Mrs. Pagan. Defendant Dent knew or should have known that knew or should have known that failing to pay attention to

the roadway and/or operating his vehicle too fast for the conditions then present, and/or his violation of the applicable hours of service regulations and/or his violation of the federal motor carrier safety regulations would result in serious injury to others driving on the roadway. Defendant Dent knew or should have known that operating his vehicle when he was too fatigued to do so safely and/or while being distracted, would result in serious injury to others driving on the roadway. Defendant Dent knew or should have known that falling asleep while driving, would result in serious injury to others. Furthermore, Defendant Dent knew or should have known that driving while his operating privilege was suspended would result in serious injury to others driving on the roadway. Additionally, Defendant Dent knew or should have known that driving while using a cellular phone without a Bluetooth or hands-free device would result in serious injury to others driving on the roadway.

88.     Despite such knowledge, Defendant Dent nevertheless failed to keep a proper lookout; overturned the semi-trailer on a passenger vehicle; failed to properly observe the roadway; failed to brake his vehicle; failed to properly control his vehicle; failed to take proper and evasive action; failed to keep his eyes on the roadway; failed to maneuver his vehicle so as to avoid a collision; took his eyes off the road to look at his mobile GPS; failed to exercise a degree of care which an ordinary and prudent person would have done under the circumstances; failed to remain attentive and to maintain a sharp lookout for the conditions of travel; failed to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle; operated his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway; operated his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361; drove recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa.

C.S.A. §3736; operated his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705; operated his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714; failed to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of the Hazle Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania; failed to inspect the vehicle prior to operating the vehicle; failed to give warning of his approach; failed to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361; failed to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361; operated his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3; failed to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14; fell asleep while driving; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14; failed to properly inspect his vehicle in accordance with 49 C.F.R. §392.7; operated his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3; operated his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3; operated his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7; failed to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13; operated his vehicle when he knew or should have known that he was unfit to do so; failed to record his duty status properly in violation of 49 CFR §395.8; drove while using a

cellular phone without a Bluetooth or hands free device; sent, read and wrote a text-based communication while operating a motor vehicle; and operated his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3.

89.     All of these acts did constitute a reckless indifference to the risk of injury to Mrs. Pagan. As a result, Mrs. Pagan is seeking an award of punitive damages against Defendant Dent.

**WHEREFORE**, Plaintiff Josephine Pagan demands judgment against Defendant Richard D. Dent, jointly and severally, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

### COUNT FIFTEEN
### Josephine Pagan v. Richard D. Dent
### Loss of Consortium

90.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

91.     At all times here pertinent, Plaintiff Mrs. Pagan was and is the wife of Mr. Pagan.

92.     Solely because of the negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant in causing the injuries to Mr. Pagan, Mrs. Pagan, as wife of Mr. Pagan, has, is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

93.     By reason of the aforesaid collision, Mrs. Pagan has, is and will/may be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

WHEREFORE, Plaintiff Josephine Pagan demands judgment against Defendant Richard D. Dent, jointly and severally, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

### COUNT SIXTEEN
### Josephine Pagan v. P&S Transportation, Inc.
### Negligence

94.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

95.     The aforementioned collision was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant P&S Transportation, Inc., and/or its agents, ostensible agents, servants, workmen, and/or employees and in no way due to the negligent act or failure to act on the part of Plaintiffs.

96.     The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant P&S Transportation, Inc., by and through the acts and or omissions of its agents and/or employees, including but not limited to Defendant Dent, consisted of the following:

a. Failure to keep a proper lookout;

b. Overturning the semi-trailer on a passenger vehicle;

c. Failure to properly observe the roadway;

d. Failure to brake his vehicle;

e. Failure to properly control his vehicle;

f. Failure to take proper and evasive action;

g. Failure to keep his eyes on the roadway;

h. Failure to maneuver his vehicle so as to avoid a collision;

i.   Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

j.   Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

k.   Failure to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle;

l.   Operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway;

m.   Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361;

n.   Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

o.   Operating his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

p.   Operating his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

q.   Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Hazle Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

r.   Failure to inspect the vehicle prior to operating the vehicle;

s.   Failure to give warning of his approach;

t.  Failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

u.  Failure to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361;

v.  Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

w.  Failure to exercise extreme caution in the operation of his vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

x.  Failure to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

y.  Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

z.  Falling asleep while driving;

aa. Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

bb. Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

cc. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

dd. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

ee. Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

ff. Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

gg. Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

hh. Operating his vehicle when he knew or should have known that he was unfit to do so;

ii. Failure to record his duty status properly in violation of 49 CFR §395.8; and

jj. Such other negligence, recklessness, and/or willful and wanton conduct as shall be revealed in discovery under the Pennsylvania Rules of Civil Procedure.

97.    The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant P&S Transportation, Inc., in its own right, consisted of the following:

a. Negligently entrusting Defendant Dent with its vehicle when it knew or should have known that Defendant Dent lacked sufficient skill, judgment, and prudence in the operation of the vehicle;

b. Failing to adequately instruct Defendant Dent in the safe operation of the vehicle prior to entrusting him with it;

c. Failing to prevent Defendant Dent from operating the vehicle until he had sufficient ability to operate the motor vehicle safely;

d.  Failing to adequately ascertain that Defendant Dent lacked the ability necessary to safely operate the vehicle under the circumstances;

e.  Failure to provide Defendant Dent with the equipment necessary to safely operate the vehicle;

f.  Failure to maintain the brakes on the tractor-trailer;

g.  Failure to adequately train and oversee their employees, including Defendant Dent, in the inspection and operation of its tractor trailer;

h.  Failure to properly qualify Defendant Dent as required by 49 CFR § 391 et seq.;

i.  Permitting Defendant Dent to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3;

j.  Permitting Defendant Dent to operate its vehicle when it knew or should have known that he was unfit to do so;

k.  Permitting Defendant Dent to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued;

l.  Permitting Defendant Dent to operate its vehicle when it knew or should have known that the requirements for Defendant Dent to earn income from operating its vehicle would cause Defendant Dent to violate the rules of the road and/or drive while distracted and/or fatigued;

m. Scheduling a run and/or requiring Defendant Dent to operate its vehicle between points in such periods of time as would necessitate Defendant Dent to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6;

n. Permitting Defendant Dent to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3;

o. Failure to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania;

p. Failure to require Defendant Dent to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

q. Aiding, abetting, encouraging and/or requiring Defendant Dent to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13;

r. Operating its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

s. Failure to provide Defendant Dent with proper training necessary to drive the vehicle;

t. Failure to properly supervise Defendant Dent in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations; and

u.  Such other negligence, recklessness, and/or willful and wanton

conduct as shall be revealed in discovery under the Pennsylvania Rules

of Civil Procedure.

98.     As a result of the above-stated acts and omissions, Mrs. Pagan has suffered such

harm as has been previously stated herein.

**WHEREFORE**, Plaintiff Josephine Pagan demands judgment against Defendant P&S

Transportation, Inc., jointly and severally, in an amount in excess of $50,000.00 plus interest,

costs and such other relief as this Court deems appropriate.

**COUNT SEVENTEEN**
**Josephine Pagan v. P&S Transportation, Inc.**
**Punitive Damages**

99.     The preceding paragraphs above are incorporated by reference as if fully set forth

herein at length.

100.    The conduct of Defendant P&S Transportation, Inc., by and through the acts and

or omissions of its agents, servants, workmen, and/or employees, including but not limited to

Defendant Dent was outrageous and/or done willfully, wantonly and/or with reckless

indifference to the rights of the public including Plaintiff. Defendants P&S Transportation, Inc.,

and Dent knew or should have known that operating his vehicle when he was too fatigued to do

so safely and/or while being distracted, would result in serious injury to others driving on the

roadway. Defendants P&S Transportation, Inc., and Dent knew or should have known that

falling asleep while driving, would result in serious injury to others. Furthermore, Defendants

P&S Transportation, Inc., and Dent knew or should have known that failing to pay attention to

the roadway and/or operating his vehicle too fast for the conditions then present, and/or when he

was in violation of the applicable hours of service regulations and/or while he was in violation of

t.   Failure to properly supervise Defendant Dent in the operation of its
vehicle to ensure compliance with the Federal Motor Carrier Safety
Regulations; and

u.   Such other negligence, recklessness, and/or willful and wanton
*conduct as shall be revealed in discovery under the Pennsylvania Rules*
of Civil Procedure.

113.   As a result of the above-stated acts and omissions, Mrs. Pagan has suffered such
harm as has been previously stated herein.

**WHEREFORE**, Plaintiff Josephine Pagan demands judgment against Defendant P&S
Transportation, LLC, Individually and d/b/a P&S Transportation, jointly and severally, in an
amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems
appropriate.

## COUNT TWENTY
**Josephine Pagan v. P&S Transportation, LLC, Individually and d/b/a P&S Transportation**
**Punitive Damages**

114.   The preceding paragraphs above are incorporated by reference as if fully set forth
herein at length.

115.   The conduct of Defendant P&S Transportation, LLC, Individually and d/b/a P&S
Transportation, by and through the acts and or omissions of its agents, servants, workmen, and/or
employees, including but not limited to Defendant Dent was outrageous and/or done willfully,
wantonly and/or with reckless indifference to the rights of the public including Plaintiff.
Defendants P&S Transportation, LLC, Individually and d/b/a P&S Transportation, and Dent
knew or should have known that operating his vehicle when he was too fatigued to do so safely
and/or while being distracted, would result in serious injury to others driving on the roadway.

Defendants P&S Transportation, LLC, Individually and d/b/a P&S Transportation, and Dent knew or should have known that falling asleep while driving, would result in serious injury to others. Furthermore, Defendants P&S Transportation, LLC, Individually and d/b/a P&S Transportation, and Dent knew or should have known that failing to pay attention to the roadway and/or operating his vehicle too fast for the conditions then present, and/or when he was in violation of the applicable hours of service regulations and/or while he was in violation of the federal motor carrier safety regulations, would result in serious injury to others driving on the roadway. Additionally, Defendants P&S Transportation, LLC, Individually and d/b/a P&S Transportation, and Dent knew or should have known that driving while his operating privilege was suspended would result in serious injury to others driving on the roadway.

116.    Despite such knowledge, Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, by and through the acts and/or omissions of its agents, servants, workmen, and/or employees, including but not limited to Defendant Dent nevertheless failed to keep a proper lookout; overturned the semi-trailer on a passenger vehicle; failed to properly observe the roadway; failed to brake his vehicle; failed to properly control his vehicle; failed to take proper and evasive action; took his eyes off the road to look at his mobile GPS; failed to keep his eyes on the roadway; failed to maneuver his vehicle so as to avoid a collision; failed to exercise a degree of care which an ordinary and prudent person would have done under the circumstances; failed to remain attentive and to maintain a sharp lookout for the conditions of travel; failed to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle; operated his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway; operated his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361; drove

recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736; operated his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705; operated his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714; failed to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Hazle Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania; failed to inspect the vehicle prior to operating the vehicle; failed to give warning of his approach; failed to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361; failed to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361; operated his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3; failed to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14; fell asleep while driving; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14; failed to properly inspect his vehicle in accordance with 49 C.F.R. §392.7; operated his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3; operated his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3; operated his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7; failed to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13; operated his vehicle when he knew or should have known that he

was unfit to do so; failed to record his duty status properly in violation of 49 CFR §395.8; drove while using a cellular phone without a Bluetooth or hands free device; sent, read and wrote a text-based communication while operating a motor vehicle; and operated his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3.

117. The conduct of P&S Transportation, LLC, Individually and d/b/a P&S Transportation, was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff, in their own right. Defendant P P&S Transportation, LLC, Individually and d/b/a P&S Transportation, knew of or should have known that Defendant Dent lacked the ability to safely operate a motor vehicle and did not have sufficient skill, judgment, and prudence in operating a motor vehicle. Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, knew or should have known that the manner in which it conducted their business and compensated their agents, servants, workmen, and/or employees, including but not limited to Defendant Dent, would cause its employees, including Defendant Dent, to violate the rules of the road and/or drive while distracted and/or fatigued. Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, knew or should have known that allowing its employees to violate the rules of the road and/or drive while distracted and/or fatigued would result in serious injury to the traveling public, including Plaintiff. Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, knew or should have known that permitting Defendant Dent to operate its tractor-trailer when he was not qualified to do so, when he could not do so safely, when he would be operating the truck when he was too fatigued to do so and while he was in violation of the applicable hours of service regulations would result in serious injury to others driving on the roadway. Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation,

knew or should have known that failing to hire and retain only competent drivers would result in serious injury to others driving on the roadway. Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation knew or should have known that failing to properly train and supervise its agents, servants, workmen, and/or employees, including but not limited to Defendant Dent would result in serious injury to others driving on the roadway. Moreover, Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, knew or should have known that failing to inspect, maintain, repair and operate its vehicle in compliance with all applicable standards and regulations, including but not limited to the Federal Motor Carrier Safety regulations would result in serious injury to others driving on the roadway.

118.    Despite such knowledge, Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, nevertheless, negligently entrusted Defendant Dent with its vehicle when it knew or should have known that he lacked sufficient skill, judgment, and prudence in the operation of the vehicle; failed to adequately instruct Defendant Dent in the safe operation of the vehicle prior to entrusting him with it; failed to prevent Defendant Dent from operating the vehicle until he had sufficient ability to operate the motor vehicle safely; failed to adequately ascertain that Defendant Dent lacked the ability necessary to safely operate the vehicle under the circumstances; failed to provide Defendant Dent with the equipment necessary to safely operate the vehicle; failed to maintain the brakes on the tractor-trailer; failed to adequately train and oversee their employees, including Defendant Dent, in the inspection and operation of its tractor trailer; failed to properly qualify Defendant Dent as required by 49 CFR § 391 et seq.; permitted Defendant Dent to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3; permitted Defendant Dent to operate its vehicle when it knew or should have known that he was unfit to do so; permitted Defendant Dent

to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued; permitted Defendant Dent to operate its vehicle when it knew or should have known that the requirements for Defendant Dent to earn income from operating its vehicle would cause Defendant Dent to violate the rules of the road and/or drive while distracted and/or fatigued; scheduled a run and/or required Defendant Dent to operate its vehicle between points in such periods of time as would necessitate Defendant Dent to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6; permitted Defendant Dent to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of  49 CFR § 395.3; failed to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania; failed to require Defendant Dent to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11; aided, abetted, encouraged and/or required Defendant Dent to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13; operated its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed to provide Defendant Dent with proper training necessary to drive the vehicle; and failed to properly supervise Defendant Dent in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations.

119.    All of these acts did constitute a reckless indifference to the risk of injury to Mrs. Pagan. As a result, Mrs. Pagan is seeking an award of punitive damages against Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation.

**WHEREFORE**, Plaintiff Josephine Pagan demands judgment against Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation t, jointly and severally, in an

amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

### COUNT TWENTY-ONE
**Josephine Pagan v. P&S Transportation, LLC, Individually and d/b/a P&S Transportation**
**Loss of Consortium**

120.    The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

121.    At all times here pertinent, Mrs. Pagan was and is the wife of Mr. Pagan.

122.    Solely because of the negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant in causing the injuries to Mr. Pagan, Mrs. Pagan, as wife of Mr. Pagan, has, is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

123.    By reason of the aforesaid collision, Mrs. Pagan has, is and will/may be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff Josephine Pagan demands judgment against Defendant P&S Transportation, LLC, Individually and d/b/a P&S Transportation, jointly and severally, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

### COUNT TWENTY-TWO
**Josephine Pagan v. Blair Logistics, LLC**
**Negligence**

124.    The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

125.    The aforementioned collision was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Blair Logistics and/or its agents, ostensible agents, servants, workmen, and/or employees and in no way due to the negligent act or failure to act on the part of Plaintiffs.

126.    The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Blair Logistics, by and through the acts and or omissions of its agents and/or employees, including but not limited to Defendant Dent, consisted of the following:

a.   Failure to keep a proper lookout;

b.   Overturning the semi-trailer on a passenger vehicle;

c.   Failure to properly observe the roadway;

d.   Failure to brake his vehicle;

e.   Failure to properly control his vehicle;

f.   Failure to take proper and evasive action;

g.   Failure to keep his eyes on the roadway;

h.   Failure to maneuver his vehicle so as to avoid a collision;

i.   Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

j.   Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

k.   Failure to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle;

l.   Operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway;

m. Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361;

n. Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

o. Operating his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

p. Operating his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

q. Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Hazle Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

r. Failure to inspect the vehicle prior to operating the vehicle;

s. Failure to give warning of his approach;

t. Sending, writing and/or reading a text-based communication;

u. Failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

v. Failure to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361;

w. Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

x. Failure to exercise extreme caution in the operation of his vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

y.  Failure to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

z.  Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

aa. Falling asleep while driving;

bb. Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

cc. Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

dd. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

ee. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

ff.  Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

gg. Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

hh. Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

ii.  Operating his vehicle when he knew or should have known that he was unfit to do so;

jj.  Failure to record his duty status properly in violation of 49 CFR §395.8; and

kk.  Such other negligence, recklessness, and/or willful and wanton conduct as shall

    be revealed in discovery under the Pennsylvania Rules of Civil Procedure.

127.    The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Blair Logistics, in its own right, consisted of the following:

a.  Negligently entrusting Defendant Dent with its vehicle when it knew or should have known that Defendant Dent lacked sufficient skill, judgment, and prudence in the operation of the vehicle;

b.  Failing to adequately instruct Defendant Dent in the safe operation of the vehicle prior to entrusting him with it;

c.  Failing to prevent Defendant Dent from operating the vehicle until he had sufficient ability to operate the motor vehicle safely;

d.  Failing to adequately ascertain that Defendant Dent lacked the ability necessary to safely operate the vehicle under the circumstances;

e.  Failure to provide Defendant Dent with the equipment necessary to safely operate the vehicle;

f.  Failure to maintain the brakes on the tractor-trailer;

g.  Failure to adequately train and oversee their employees, including Defendant Dent, in the inspection and operation of its tractor trailer;

h.  Failure to properly qualify Defendant Dent as required by 49 CFR § 391 et seq.;

i.  Permitting Defendant Dent to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3;

j.  Permitting Defendant Dent to operate its vehicle when it knew or should have known that he was unfit to do so;

k.  Permitting Defendant Dent to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued;

l.  Permitting Defendant Dent to operate its vehicle when it knew or should have known that the requirements for Defendant Dent to earn income from operating its vehicle would cause Defendant Dent to violate the rules of the road and/or drive while distracted and/or fatigued;

m.  Scheduling a run and/or requiring Defendant Dent to operate its vehicle between points in such periods of time as would necessitate Defendant Dent to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6;

n.  Permitting Defendant Dent to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3;

o.  Failure to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania;

p.  Failure to require Defendant Dent to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

q.  Aiding, abetting, encouraging and/or requiring Defendant Dent to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13;

r.  Operating its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

    s.   Failure to provide Defendant Dent with proper training necessary to drive the vehicle;

    t.   Failure to properly supervise Defendant Dent in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations; and

    u.   Such other negligence, recklessness, and/or willful and wanton conduct as shall be revealed in discovery under the Pennsylvania Rules of Civil Procedure.

128.    As a result of the above-stated acts and omissions, Mrs. Pagan has suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff Josephine Pagan demands judgment against Defendant Blair Logistics, LLC, jointly and severally, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT TWENTY-THREE**
**Josephine Pagan v. Blair Logistics, LLC**
**Punitive Damages**

129.    The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

130.    The conduct of Defendant Blair Logistics, by and through the acts and or omissions of its agents, servants, workmen, and/or employees, including but not limited to Defendant Dent was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff. Defendants Blair Logistics and Dent knew or should have known that operating his vehicle when he was too fatigued to do so safely and/or while being distracted, would result in serious injury to others driving on the roadway. Defendants Blair Logistics and Dent knew or should have known that falling asleep while driving, would result in serious injury to others. Furthermore, Defendants Blair Logistics and

Dent knew or should have known that failing to pay attention to the roadway and/or operating his vehicle too fast for the conditions then present, and/or when he was in violation of the applicable hours of service regulations and/or while he was in violation of the federal motor carrier safety regulations, would result in serious injury to others driving on the roadway. Additionally, Defendants Blair Logistics and Dent knew or should have known that driving while his operating privilege was suspended would result in serious injury to others driving on the roadway.

131.    Despite such knowledge, Defendant Blair Logistics, by and through the acts and/or omissions of its agents, servants, workmen, and/or employees, including but not limited to Defendant Dent nevertheless failed to keep a proper lookout; overturned the semi-trailer on a passenger vehicle; failed to properly observe the roadway; failed to brake his vehicle; failed to properly control his vehicle; failed to take proper and evasive action; took his eyes off the road to look at his mobile GPS; failed to keep his eyes on the roadway; failed to maneuver his vehicle so as to avoid a collision; failed to exercise a degree of care which an ordinary and prudent person would have done under the circumstances; failed to remain attentive and to maintain a sharp lookout for the conditions of travel; failed to slow or bring his vehicle to a stop to avoid the impact with the Plaintiff's vehicle; operated his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway; operated his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361; drove recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736; operated his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705; operated his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714; failed to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of

Hazle Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania; failed to inspect the vehicle prior to operating the vehicle; failed to give warning of his approach; failed to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361; failed to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361; operated his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3; failed to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14; fell asleep while driving; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14; failed to properly inspect his vehicle in accordance with 49 C.F.R. §392.7; operated his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3; operated his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3; operated his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7; failed to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13; operated his vehicle when he knew or should have known that he was unfit to do so; failed to record his duty status properly in violation of 49 CFR §395.8; drove while using a cellular phone without a Bluetooth or hands free device; sent, read and wrote a text-based communication while operating a motor vehicle; and operated his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3.

132.    The conduct of Defendant Blair Logistics was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff, in their own right. Defendant Blair Logistics knew of or should have known that Defendant Dent lacked the ability to safely operate a motor vehicle and did not have sufficient skill, judgment, and prudence in operating a motor vehicle. Defendant Blair Logistics knew or should have known that the manner in which it conducted their business and compensated their agents, servants, workmen, and/or employees, including but not limited to Defendant Dent, would cause its employees, including Defendant Dent, to violate the rules of the road and/or drive while distracted and/or fatigued. Defendant Blair Logistics knew or should have known that allowing its employees to violate the rules of the road and/or drive while distracted and/or fatigued would result in serious injury to the traveling public, including Plaintiff. Defendant Blair Logistics knew or should have known that permitting Defendant Dent to operate its tractor-trailer when he was not qualified to do so, when he could not do so safely, when he would be operating the truck when he was too fatigued to do so and while he was in violation of the applicable hours of service regulations would result in serious injury to others driving on the roadway. Defendant Blair Logistics knew or should have known that failing to hire and retain only competent drivers would result in serious injury to others driving on the roadway. Defendant Blair Logistics knew or should have known that failing to properly train and supervise its agents, servants, workmen, and/or employees, including but not limited to Defendant Dent would result in serious injury to others driving on the roadway.  Moreover, Defendant Blair Logistics knew or should have known that failing to inspect, maintain, repair and operate its vehicle in compliance with all applicable standards and regulations, including but not limited to the Federal Motor Carrier Safety regulations would result in serious injury to others driving on the roadway.

133.     Despite such knowledge, Defendant Blair Logistics nevertheless, negligently entrusted Defendant Dent with its vehicle when it knew or should have known that he lacked sufficient skill, judgment, and prudence in the operation of the vehicle; failed to adequately instruct Defendant Dent in the safe operation of the vehicle prior to entrusting him with it; failed to prevent Defendant Dent from operating the vehicle until he had sufficient ability to operate the motor vehicle safely; failed to adequately ascertain that Defendant Dent lacked the ability necessary to safely operate the vehicle under the circumstances; failed to provide Defendant Dent with the equipment necessary to safely operate the vehicle; failed to maintain the brakes on the tractor-trailer; failed to adequately train and oversee their employees, including Defendant Dent, in the inspection and operation of its tractor trailer; failed to properly qualify Defendant Dent as required by 49 CFR § 391 et seq.; permitted Defendant Dent to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3; permitted Defendant Dent to operate its vehicle when it knew or should have known that he was unfit to do so; permitted Defendant Dent to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued; permitted Defendant Dent to operate its vehicle when it knew or should have known that the requirements for Defendant Dent to earn income from operating its vehicle would cause Defendant Dent to violate the rules of the road and/or drive while distracted and/or fatigued; scheduled a run and/or required Defendant Dent to operate its vehicle between points in such periods of time as would necessitate Defendant Dent to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6; permitted Defendant Dent to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3; failed to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal

Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania; failed to require Defendant Dent to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11; aided, abetted, encouraged and/or required Defendant Dent to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13; operated its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed to provide Defendant Dent with proper training necessary to drive the vehicle; and failed to properly supervise Defendant Dent in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations.

134.    All of these acts did constitute a reckless indifference to the risk of injury to Mrs. Pagan. As a result, Mrs. Pagan is seeking an award of punitive damages against Defendant Blair Logistics.

**WHEREFORE**, Plaintiff Josephine Pagan demands judgment against Defendant Blair Logistics, LLC, jointly and severally, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

### COUNT TWENTY-FOUR
### Josephine Pagan v. Blair Logistics, LLC
### Loss of Consortium

135.    The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

136.    At all times here pertinent, Mrs. Pagan was and is the wife of Mr. Pagan

137.    Solely because of the negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant in causing the injuries to Mr. Pagan, Mrs. Pagan, as wife of Mr. Pagan, has, is and will forever in the future be obliged to expend various sums of money for

medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

138.    By reason of the aforesaid collision, Mrs. Pagan has, is and will/may be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

WHEREFORE, Plaintiff Josephine Pagan demands judgment against Defendant Blair Logistics, LLC, jointly and severally, in an amount in excess of $50,000.00 plus interest, costs and such other relief as this Court deems appropriate.

MUNLEY LAW, PC

By:  _____

Marion Munley
I.D. No. 46957
Ciara L. DeNaples
I.D. No. 318423
Attorneys for Plaintiffs

## **VERIFICATION**

I hereby depose and state that I am the Plaintiff in the above-captioned action, and that the statements in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that this statement is made subject to the penalties of 18 Pa.C.S. Sec. 4904, relating to unsworn falsification to authorities.

Markham Pagan

## **VERIFICATION**

I hereby depose and state that I am the Plaintiff in the above-captioned action, and that the statements in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  I understand that this statement is made subject to the penalties of 18 Pa.C.S. Sec. 4904, relating to unsworn falsification to authorities.

Josephine Pagan

| | | |
|---|---|---|
| MARKHAM PAGAN and | : | IN THE COURT OF COMMON PLEAS |
| JOSEPHINE PAGAN | : | OF LUZERNE COUNTY |
| 155 Academy Avenue | : | |
| Middletown, NY 10940 | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | CIVIL ACTION - LAW |
| | : | JURY TRIAL DEMANDED |
| RICHARD D. DENT | : | |
| 1570 Lila Street | : | |
| Baton Rouge, LA 70820 | : | |
| P&S TRANSPORTATION, INC. | : | |
| 1810 Avenue C – PO Box 2487 | : | |
| Ensley, AL 35218 | : | |
| P&S TRANSPORTATION LLC, individually | : | |
| and d/b/a P&S TRANSPORTATION | : | |
| 1810 Avenue C | : | |
| Ensley, AL 35218 | : | |
| BLAIR LOGISTICS, LLC | : | |
| 201 19th Street – PO Box 8306 | : | |
| Ensley, AL 35218 | : | |
| Defendants | : | No. |

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the

Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that

require filing confidential information and documents differently than non-confidential

information and documents.

Submitted by: Plaintiff

Signature: _Marion Munley_

Name:  Marion Munley

Attorney No. 46957