# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARKHAM PAGAN and JOSEPHINE PAGAN, | |
| Plaintiffs, | CIVIL ACTION NO. 3:21-cv-01621 |
| v. | (SAPORITO, M.J.) |
| RICHARD D. DENT, et al., | |
| Defendants. | |

## **MEMORANDUM**

This is a personal injury action arising out of a motor vehicle collision. It was originally filed in state court but then timely removed to this federal court under 28 U.S.C. § 1441 and § 1446. The case is assigned to the undersigned United States magistrate judge upon the consent of the parties, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Now before the court is a Rule 37(a) motion to compel filed by the plaintiffs, Markham and Josephine Pagan. (Doc. 28; *see also* Doc. 29.) The plaintiffs have served a subpoena on nonparty LYTX, Inc., seeking to depose a corporate designee on various topics related to a LYTX DriveCam system installed in the tractor-trailer owned or operated by the defendants, which collided with the plaintiffs' disabled motor vehicle

on January 31, 2021, and regarding its relationship with the defendants as well. The subpoena also commands the production of documents or electronically stored information concerning the defendants or the motor vehicle collision at issue.

The subpoena was properly issued under the aegis of this court, where the action is pending. *See* Fed. R. Civ. P. 45(a)(2). It was served on LYTX's registered agent in Harrisburg, Pennsylvania, and it identifies the place of deposition as "Via ZOOM." But LYTX maintains its principal place of business in San Diego, California.[1]

Under the federal rules, a deposition conducted by remote means takes place where the deponent answers questions. *See* Fed. R. Civ. P. 30(b)(4). Ordinarily, in the absence of unusual circumstances, the deposition of a corporation by its agents or officers should be taken at the corporation's principal place of business. *See Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 108 (D. Del. 2010) ("There is . . . a general presumption that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business."); *Lewis v.*

---

[1] We note that San Diego is located within the Southern District of California. *See* 28 U.S.C. § 84(d).

*Ford Motor Co.*, 685 F. Supp. 2d 557, 572–73 (W.D. Pa. 2010) ("[I]n the absence of unusual circumstances which would justify allowing the depositions to proceed at another location, depositions of corporate agents and officers should ordinarily be taken at the corporation's principal place of business.") (footnote omitted); *Mitchell v. Am. Tobacco Co.*, 33 F.R.D. 262, 263 (M.D. Pa. 1963) ("The courts have generally held that depositions of officials of a corporate party should be taken at the corporation's place of business."). Moreover, the federal rules expressly limit the court's subpoena power to command a nonparty to attend a deposition or produce documents only so long as the place of deposition or production is within 100 miles of the place where the subpoena recipient resides, is employed, or regularly transacts business. *See* Fed. R. Civ. P. 45(c)(1)(A), (c)(2); *see also ACQIS LLC v. EMC Corp.*, 67 F. Supp. 3d 769, 777 (E.D. Tex. 2014) ("Rule 45 provides the presiding court with the power to issue nationwide deposition subpoenas and compel testimony so long as the trial, hearing, or deposition is to take place within 100 miles of the witness's residence or regular place of business."). Thus, we find that place of compliance for the subpoena at issue is LYTX's principal place of business in San Diego, California, well more than 100

miles from any courthouse of this federal judicial district.

Under the federal rules, the United States District Court for the Southern District of California is the exclusive forum where the plaintiffs may properly file a motion to compel LYTX to comply with the subpoena at issue. *See* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken."); Fed. R. Civ. P. 45(d)(2) (permitting the serving party to "move the court for the district where compliance is required for an order compelling production or inspection" of documents or electronically stored information); Fed. R. Civ. P. 45(g) (providing that, unless transferred to the issuing court pursuant to Rule 45(f), only the "court for the district where compliance is required" has authority to hold the subpoena recipient in contempt for failure to comply with the subpoena).

Accordingly, the motion will be denied without prejudice.

An appropriate order follows.

Dated: February 24, 2023         *s/Joseph F. Saporito, Jr.*
                                              JOSEPH F. SAPORITO, JR.
                                              United States Magistrate Judge