UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARKHAM PAGAN and
JOSEPHINE PAGAN,

    Plaintiffs,

v.

RICHARD D. DENT, et al.,

    Defendants.

CIVIL ACTION NO. 3:21-cv-01621

(SAPORITO, M.J.)

## MEMORANDUM

On January 30, 2024, we denied the defendants' motion for partial summary judgment in this case. Doc. 55 (order); *see also Pagan v. Dent*, No. 21-cv-01621, 2024 WL 345485 (M.D. Pa. Jan. 30, 2024) (memorandum opinion), Doc. 54. The defendants sought partial summary judgment with respect to the plaintiffs' claim for punitive damages. We denied the motion, finding that summary judgment was precluded by a genuine dispute of material fact.

The defendants have timely filed a motion for reconsideration of our order denying partial summary judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, together with a brief in support. Doc. 58. But Rule 59(e) does not apply in this instance because the order at

issue is not a final judgment or order. *See Bausch & Lomb Inc. v. Moria S.A.*, 222 F. Supp. 616, 669 (E.D. Pa. 2002).

Because the defendants' motion seeks reconsideration of an interlocutory order denying partial summary judgment, it is necessarily brought pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. *See Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) ("[M]otions for reconsideration of interlocutory orders—whether denials of summary judgment, grants of partial summary judgment, or any other non-final orders—are motions under Federal Rule of Civil Procedure 54(b)."). Under Rule 54(b), "[a]n order that does not dispose of every claim in an action 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Clark Distrib. Sys., Inc. v. ALG Direct, Inc.*, 12 F. Supp. 3d 702, 717 (M.D. Pa. 2014) (quoting Fed. R. Civ. P. 54(b)); *see also Qazizadeh*, 214 F. Supp. 3d at 295. Reconsideration of interlocutory orders "may be had even if a movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issues the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Qazizadeh*, 214 F.

Supp. 3d at 295 (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Instead, the court may permit reconsideration whenever 'consonant with justice to do so.'" *Id.* (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 412 F. Supp. 2d 630, 632 (M.D. Pa. 2007)); *see also Clark Distr. Sys.*, 12 F. Supp. 3d at 717 (citing *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)). Nevertheless,

> [b]efore entertaining a motion for reconsideration of an interlocutory order, the movant must still establish good cause for why the court should revisit its prior decision. Moreover, whether involving a final or interlocutory order, a motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant. A reconsideration motion should not be used to try to get a second bite at the apple or to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question.

*Qazizadeh*, 214 F. Supp. 3d at 295–96 (citations and internal quotation marks omitted).

The gist of the defendants' motion for reconsideration is that our denial of partial summary judgment was clearly erroneous because our order and opinion failed to cite specific facts to support our finding that a reasonable jury could conclude that defendant Dent operated his

vehicle in a reckless manner and defendant P&S exhibited reckless disregard in its failure to train and supervise Dent.

Although specific findings of fact by the court are required in connection with bench trial proceedings, there is no such requirement with respect to summary judgment rulings. *Compare* Fed. R. Civ. P. 52(a)(1) ("In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately.") *with* Fed. R. Civ. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 . . . ."); *see also Lexion Med., LLC v. Northgate Techs., Inc.*, 641 F.3d 1352, 1359 (Fed. Cir. 2011) ("[W]here the record adequately supports the judgment, the district court does not have an obligation to recite every detail of its reasoning."); *Randolph-Sheppard Vendors of Am., Inc. v. Harris*, 628 F.2d 1364, 1368 (D.C. Cir. 1980) (per curiam) (recognizing that detailed findings of fact and conclusions of law are unnecessary in procedural context of a summary judgment ruling). The only finding necessary in a summary judgment ruling is whether any genuine dispute of material fact exists. *See Hindes v. United States*, 326 F.2d 150, 152 (5th Cir. 1964); *accord Shook v. United States*, 713 F.2d 662, 665 (11th

Cir. 1983); *Gurley v. Wilson*, 239 F.2d 957, 958 (D.C. Cir. 1956) (per curiam); *Prudential Ins. Co. of Am. v. Goldstein*, 43 F. Supp. 767, 768 (E.D.N.Y. 1942). Here, we expressly found that genuine issues of material fact *did* exist, precluding summary judgment and necessitating a trial.

The moving defendants have failed to establish good cause for why this court should revisit its prior decision. *See Qazizadeh*, 214 F. Supp. 3d at 295. We find no error with respect to the findings of fact—or the granularity of those findings—articulated in our prior decision. See Fed. R. Civ. P. 52(a)(3). Moreover, the greater part of the defendants' motion papers simply reargue matters already addressed by the parties and the court in connection with the underlying motion, which is impermissible under Rule 54(b). *See Qazizadeh*, 214 F. Supp. 3d at 295–96.

We find no reasonable basis for reconsideration. Accordingly, the defendants' motion for reconsideration (Doc. 58) will be denied.

An appropriate order follows.

Dated: February __15__, 2024

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge